IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
LESLIE M. STOVALL, BAR NO. 2566

No. 79949

FILED

SEP 21 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF PUBLIC REPRIMAND

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Leslie M. Stovall be suspended for three months for violating RPC 1.3 (diligence).[1]

We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Stovall committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-34556

Having reviewed the record, we conclude that substantial evidence supports the panel's findings that Stovall violated RPC 1.3 by knowingly failing to timely oppose a summary judgment motion in a wrongful death action and negligently failing to appear at a July 2016 hearing on the motion.[2]

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Stovall violated his duty of diligence owed to his client,[3] causing injury or potential injury because judgment was entered against his client after the opposing party's motion went unopposed.

---

[2]Stovall contends that the panel found a violation not charged in the State Bar's complaint and that we should disregard the finding based on lack of notice. We perceive no error with regard to notice, as the complaint alleged that Stovall violated RPC 1.3 (diligence) by failing to timely oppose the summary judgment motion and appear at the hearing, which is consistent with the panel's findings and supported by the record.

[3]Stovall argues that he is not responsible for the summary judgment because his lack of response was due to district court and opposing counsel noticing errors, however, it is undisputed that Stovall had notice of the motion and did not timely oppose it. Additionally, in the context of addressing the validity of the summary judgment on appeal, the court of appeals rejected the argument that the July 12, 2016, hearing, which the district court continued on its own authority, had to be re-noticed. *Estate of Peralta v. Blue Valley Apts., Inc.*, Docket No. 71417 (Order of Affirmance, Sept. 15, 2017). Regardless, the disciplinary panel found and the record supports, that Stovall knew about the continued hearing date.

Although Stovall contends that his client suffered no actual harm as a result of his misconduct because her claim lacked merit for a number of reasons,[4] his argument confuses the standard for a legal malpractice claim and the standard for attorney misconduct charges. Disciplinary proceedings are different procedurally and substantively from civil malpractice actions in several ways. To prevail on a legal malpractice claim, a plaintiff must prove duty, breach, causation, and damages. *Day v. Zubel*, 112 Nev. 972, 976, 922 P.2d 536, 538 (1996). To establish causation and damages, a plaintiff must prove that, but for the attorney's negligence, the plaintiff would have prevailed on the underlying litigation. *Id.* In a disciplinary matter, the standard of care is set forth in the professional conduct rules themselves, which set forth a minimum level of conduct, and violation of those rules may subject an attorney to a disciplinary proceeding. *Kittay v. Kornstein*, 230 F.3d 531, 538 n.3 (2d Cir. 2000) (observing that attorney disciplinary rules are mandatory, as they "state the minimum level of conduct below which no lawyer can fall without being subject to disciplinary action"). The rationale for such discipline is the need to protect the public, the courts, and the integrity of the legal profession from attorneys who fail to meet these minimal standards of conduct. Fred C. Zacharias, *The Purposes of Lawyer Discipline*, 45 Wm. & Mary L. Rev. 675, 727 (2004) ("Professional discipline. . . is the process through which the public is assured that the profession, in general, operates under meaningful

---

[4]Even if Stovall could not have advanced his client's claims more than he did because they were not well-grounded, his responsibilities as a lawyer under the diligence rule do not permit him to continue to nominally represent her while failing to defend against dispositive motions.

and enforceable standards."). Thus, the State Bar is not required to prove causation and damages, but rather it must show that Stovall committed the alleged misconduct. The panel's findings readily support that Stovall failed to act with diligence in representing his client. *See* RPC 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."),

The baseline discipline for such misconduct, before considering aggravating and mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility*, Standard 4.42 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when . . . a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"). The record supports the panel's findings of three mitigating factors (absence of a dishonest or selfish motive, timely good faith effort to mitigate the consequences of the conduct, and remoteness of prior offenses), and no aggravating circumstances. Considering the four *Lerner* factors, including the mitigating circumstance that Stovall lacked a dishonest or selfish motive and that no aggravating circumstances apply, we disagree with the panel's recommendation for a three-month suspension. Instead, we conclude that a public reprimand is appropriate and sufficient to serve the purpose of attorney discipline. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession). We agree with the panel's recommendation that Stovall be assessed the actual costs of the disciplinary proceeding plus the administrative costs under SCR 120(3).

Accordingly, we hereby publicly reprimand attorney Leslie Stovall for violating RPC 1.3 (diligence). Additionally, Stovall must pay the actual costs of the disciplinary proceeding plus $1,500 under SCR 120, within 30 days from the date of this order.

It is so ORDERED.[5]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Chair, Southern Nevada Disciplinary Board
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Stovall & Associates
        Admissions Office, U.S. Supreme Court

---

[5]To the extent that this disposition has not explicitly addressed all of Stovall's arguments, we are not persuaded that any of those arguments warrant a different outcome.